IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| PEDRO A. GARCIA | § | |
| VS. | § | CIVIL ACTION NO. 9:17-CV-72 |
| JOHN P. BOLTON, *et al.*, | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Pedro A. Garcia, an inmate formerly confined at the Polunsky Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendants John P. Bolton, Sean R. Burks, Johnny R. Farris, Patricia Garney, and Joseph Smith. Defendants Garney, Farris and Smith filed a Joint Motion for Summary Judgment Limited to Exhaustion of Administrative Remedies on August 15, 2017 (docket entry no. 24).[1]

The Court referred this matter to the Honorable Keith Giblin United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends defendants' motion for summary judgment be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the records, and pleadings. Defendants filed objections to the Report and Recommendation of United States Magistrate Judge (docket entry no. 40). This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

Defendants argue that plaintiff's claims should be dismissed for failure to properly exhaust administrative remedies as plaintiff's Step 1 grievance was sixty (60) days late. Defendants argue

---

[1]Defendant Burks was served on August 22, 2017 and filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (docket entry nos. 26 & 32). Service on defendant Bolton was returned unexecuted on August 24, 2017 (docket entry no. 25).

this despite the fact that the grievance department responded to the grievance substantively and failed to deny the grievance as untimely.

As outlined by the Magistrate Judge, plaintiff's grievances were accepted and processed as though they were timely. The grievance department considered plaintiff's complaints and responded to the grievance on the merits. As such, the statutory exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits. *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012); *Hill v. Curcione*, 657 F.3d 116, 125 (2nd Cir. 2011); *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010); *Riccardo v. Raush*, 375 F.3d 521, 524 (7th Cir. 2004); *Eubanks v. Naik*, 2014 WL 1117408, at *5 (S.D. Tex. Mar. 19, 2014); *Sanchez v. Kyle*, 2016 WL 908937 * 3 (E.D. Tex. Jan. 22, 2016).

The Supreme Court has stated that the benefits of the requirement that administrative remedies be exhausted prior to the filing of a lawsuit "include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a use record." *Jones*, 549 U.S. 199 (2007). "These benefits are fully realized when an inmate pursues the prison grievance process through its final stage and receives an adverse decision on the merits, even if the decision-maker could have declined to reach the merits because of one or more procedural deficiencies. A complete administrative record exists, and a reviewing court will have the benefit of the agency's institutional perspective." *Hammett*, 681 F.3d at 947-48. When a prison "treats a filing as timely and resolved it on the merits, the federal judiciary will not second-guess that action, for the grievance has served its function of alerting the state and inviting corrective action." *Ridcardo*, 375 F.3d at 524.

While plaintiff's Step 1 grievance was not filed in a timely fashion, it was nevertheless considered on the merits. As a result, plaintiff properly exhausted his administrative remedies.[2]

---

[2]The issue of whether plaintiff's first Step 1 grievance was lost is irrelevant to the ultimate conclusion that the grievance department processed plaintiff's Step 1 and Step 2 grievance #201618022 on the merits. This issue, as highlighted by the Magistrate Judge, was only indicative (and not dispositive) of a possible reason for why the

## ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**.

So **ORDERED** and **SIGNED** this **7** day of **March, 2018.**

_____
Ron Clark, United States District Judge

---

grievance department chose not to deny plaintiff's #201718022 grievance as untimely.