IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| PEDRO A. GARCIA | § | |
| VS. | § | CIVIL ACTION NO. 9:17-CV-72 |
| JOHN P. BOLTON, *et al.*, | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Pedro Garcia, an inmate formerly confined at the Polunsky Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendants John P. Bolton, Sean R. Burks, Johnny R. Farris, Patricia Garney, and Joseph Smith.

The Court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends defendant Farris and Smith's Motion for Summary Judgment be granted (docket entry no. 83).

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the records, and pleadings. Plaintiff filed objections to the Report and Recommendation of United States Magistrate Judge (docket entry no. 91). This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

Plaintiff argues he has established that he was assaulted by defendant Bolton and, as a result, summary judgment as to defendant Smith and Farris is not proper. Defendant Bolton, however, has never been served in this case. Furthermore, plaintiff does not allege that defendant Farris and Smith actually assaulted him. Plaintiff's claims as to these defendants is separate and distinct from the claims against defendant Bolton and thus require a different legal analysis as outlined by the Magistrate Judge.

In his objections, plaintiff states he would like defendant Smith to be sanctioned and held accountable for intentionally trying to conceal defendant Bolton's assault by "answering my Step 1 claiming that there was no evidence to warrant an investigation." Plaintiff complains defendant Smith misused his authority and position when he denied the grievance as a disciplinary report already found defendant Bolton used "unnecessary and excessive force" on plaintiff. As outlined by the Magistrate Judge, an offender "does not have a federally protected liberty interest in having [his] grievance resolved to his satisfaction." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). The Magistrate Judge did not err in determining that plaintiff failed to show a constitutional violation regarding his grievance. To the extent plaintiff objects to the Magistrate Judge's finding that plaintiff's claim of conspiracy against defendant Smith lacked merit, the objection is similarly overruled. Plaintiff has failed to allege, let alone show, there was an agreement between persons acting under color of law to commit an illegal act and an actual deprivation of his constitutional rights in furtherance of a conspiracy. *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995). The disciplinary action against defendant Bolton directly refutes the allegation of a conspiracy between the defendants to cover up the assault.

As to defendant Farris, plaintiff states he needs to be given better training on how to stop or prevent co-workers from assaulting offenders in the future. Specifically, plaintiff argues defendant Farris should have pulled plaintiff away from defendant Bolton's attack and failed to do so. As outlined by the Magistrate Judge, the competent summary judgment evidence shows that defendant Bolton struck plaintiff one time without provocation. Plaintiff does not allege, and the competent summary judgment evidence does not show, that defendant Farris had any advanced notice that defendant Bolton was going to strike plaintiff and was somehow in a position to intervene. Plaintiff's claim of failure to protect against defendant Farris should be denied.

## ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**.

So **ORDERED** and **SIGNED March 20, 2019.**

_____
Ron Clark, Senior District Judge