# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | | |
|---|---|---|
| PEDRO A. GARCIA | § | |
| VS. | § | CIVIL ACTION NO. 9:17-CV-72 |
| JOHN P. BOLTON, *et al.*, | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Pedro Garcia, an inmate formerly confined at the Polunsky Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendants John P. Bolton, Sean R. Burks, Johnny R. Farris, Patricia Garney, and Joseph Smith.

The Court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends defendant Garney's Motion for Summary Judgment be granted (docket entry no. 82).

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the records, and pleadings. Plaintiff filed objections to the Report and Recommendation of United States Magistrate Judge (docket entry no. 91). This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

Plaintiff argues he has established that he was assaulted by defendant Bolton and, as a result, summary judgment as to defendant Smith and Farris is not proper. Defendant Bolton, however, has never been served in this case. Furthermore, plaintiff does not allege that defendant Garney actually assaulted him. Plaintiff's claims as to defendant Garney is separate and distinct from the claims against defendant Bolton and thus require a different legal analysis as outlined by the Magistrate Judge.

In his objections, plaintiff states defendant Garney should be written up and be reviewed by "UTMB Disciplinary Board of Malpractice." Plaintiff, in essence, concedes that defendant Garney's actions or inactions in treating him amounted to mere negligence, if any, which is insufficient to establish the deliberate indifference standard. *See Esparza v. Hegman*, 183 F.3d 153, 159 (5th Cir. 1999) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)).

ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**.

So **ORDERED** and **SIGNED** **March 21, 2019.**

_____
Ron Clark, Senior District Judge